Price, J.
The plaintiff in error presents two questions which arise on the record:
First. Is the order of the justice requiring the railway company to pay into court the money in its *332 possession, due to the defendant in errbr, a final order ?
Second. In proceedings in aid of execution before a justice of the peace, are the wages under $150 earned within three months by an unmarried man, having a widowed mother wholly dependent upon him for support, exempt, where proceedings in attachment as provided by statute are not invoked to subject the money to the benefit of the judgment creditor?
(1) It is claimed that the order of the justice under consideration is not a final order, and if that view is correct, then error did not lie to review it, and the judgment debtor had no standing in either of the reviewing courts. To support the position taken, we are referred to the provisions of section 6680-5, Bevised Statutes, which is a part of the provisions of our statute, for proceedings in aid of execution before a justice of the peace. The .sections immediately preceding prescribe the manner of instituting the proceeding; — by affidavit of the judgment creditor, his agent or attorney; the process that shall issue for the party charged with a liability to the judgment debtor, its service and return, and the nature and extent of the examination of such party on the return day of the process, and the order to be made on such examination.
Then section 6680-5 provides that, “If the justice shall make an order, pursuant to the preceding section, directing the payment of money by the person, partnership or corporation, against whom the aforesaid proceedings are instituted, and if such person, partnership or corporation fail to comply with said order, the judgment creditor may proceed against *333 such person, partnership or corporation by civil action; and thereupon such proceedings may be had as in other civil actions, * *
As to the person, partnership or corporation cited, to appear and answer in such proceeding, it appears from this section that the order of the justice of the peace, is not a final order, precluding further inquiry or proceedings. The party may decline to obey the order of the justice, and in such case the judgment creditor may resort to a civil action against him, in which any proper defense may be set up by answer.
Similar provisions are found in section 5551, Revised Statutes, regulating attachment and garnishee proceedings in the court of common pleas, and in sections 6503 and 6504, regulating like proceedings before a justice of the peace.
Hence, the cases cited for plaintiff in error, which hold that error will not lie to review the order of a justice of the peace, requiring the garnishee to pay into court money of the defendant in attachment. The remedy of the garnishee in such case, is to refuse to comply with the order and have his rights adjudicated in a civil action. This is the doctrine of Secor v. Witter, 39 Ohio St., 218, cited by plaintiff in error.
But this is not a case in which a garnishee in an attachment proceeding, or a party ordered to pay in a proceeding in aid of execution, prosecuted error to the order of the justice; but it is a ease where the judgment debtor, whose personal earnings were sought to be appropriated, prosecuted error to review the order of the justice. As to him the order was final, and his only recourse or rem-. *334 edy is the one he pursued, unless he could have-appealed, which we do not decide. He was made a party to the proceeding and served with, notice to appear on the same day set for the examination of the railway company. The statute (section 6680-2) requires that he be notified, if found in the county, at least three days before the hearing, and by these steps he became a party to the proceeding. The order in question affected one of his substantial rights, inasmuch as it directed his employer to pay his wages into court to cover the judgment and costs. He was claiming-these wages as exempt under our laws, and, if his exemption was denied by the justice, such denial and order on the railway company appropriated his. property, and it became his duty, if he did not wish to abide by the decision, to prosecute error in a higher court to have his rights determined. It would be too late for him to contest the question with the railway company, if he took no steps to reverse the order, and the company obeyed it by paying the money into court, or to the judgment creditor.
We think that as to the judgment debtor, the order is a final order as defined in section 6707, Revised Statutes. It follows that he had a right to prosecute error in the court of common pleas, and also in the circuit court, as he has done.
(2) Are the personal earnings of an unmarried man having a widowed mother wholly dependent upon him for support, exempt in proceedings in aid of execution before a justice of the peace?
The plaintiff in error seems to concede that if he were seeking to subject such earnings by attachment before a justice of the peace, an unmarried. *335 man having a widowed mother wholly dependent upon him for support, may lawfully hold his earnings within a certain time and under a certain amount, as exempt; hut as he is not proceeding by attachment, the right to the exemption does not. exist.
An examination of some provisions of our statute-becomes necessary in order to decide the question. Section 6680-1 provides: “When a judgment creditor, his agent or attorney, makes oath in writing-before the justice of the peace, who rendered the judgment, or before his successor, that the affiant has good reason to believe, and does believe, that any person, partnership or corporation, naming the-same, is liable to the judgment debtor in any sum of money, whether then due or not, and that said money is not exempt from execution or attachment-under the laws of the state of Ohio, the justice shall' order such person, partnership or corporation, to-appear before him at his office at a time and place-specified in such order, # * # and answer under-oath respecting such liability; and he may also subpoena witnesses to testify concerning the same.”
The affidavit made in this case contains the required statement that “the said money is not exempt from execution or attachment under the laws-of the state of Ohio.” The use of this clause of the-statute does not rest in the discretion of the affiant, but is one of the conditions upon which the order may issue.
As before stated, “the judgment debtor, if found, within the county, shall be served with notice in. writing at least three days before the hearing provided for in the foregoing section, which notice. *336 shall be served like a summons.” See section 6680-2, Revised Statutes.
The judgment debtor, appeared in pursuance of the notice, and made it appear without contradiction, that while he is an unmarried man, he is the son of a widowed mother wholly dependent upon him for support, and that his earnings within three months ($88.87), were necessary to the support of the mother. That showing was in answer to a very material statement in the affidavit of the judgment creditor, quoted above, and we therefore turn to the statute, section 6489, Revised Statutes, regulating attachments before a justice of the peace to ascertain the effect of the showing.
The section reads in part: “The plaintiff shall have an order of attachment against any property of the defendant (except as hereinafter provided) in a civil action before a justice of the peace, for the recovery of money, before or after the commencement thereof, when there is filed in this (his) office an affidavit of the plaintiff, his agent or attorney, showing the nature of' plaintiff’s claim, that it is just, the amount the affiant believes the plaintiff ought to recover, and that the property sought to be attached is not exempt from execution, and, if the personal earnings of the defendant are sought to be attached, that the defendant is not the head or support of a family, and has not in good faith the maintenance and support of a widowed mother, wholly dependent upon him for support, **.”
If the affidavit contains what this section requires, followed by one or more grounds for attachment specified later in its provisions, an order of attachment may issue.
*337 If the affidavit lacks any one of the elements made material in the particular case, the order should not issue, and, if issued, the defect would furnish a cause for discharging the attachment.
Where an order of attachment and garnishment has been issued on the affidavit made in conformity to the above section, and a garnishee answers .that he has in his possession the personal earnings of the defendant, less in amount than $150, and earned within three months preceding the service of the order, what would be the proper order, if the debtor defendant makes it appear that he is the son of a widowed mother, wholly dependent upon him for support? The appearance of such fact by affidavit or other competent evidence, negatives, and overcomes the statement in the attachment affidavit, so essential where the personal earnings of a defendant are sought to be attached, and the right to thus appropriate the personal earnings fails for want pf a legal foundation, and the fund should be released.
The counsel for plaintiff in' error undertakes to answer the proposition, by saying “that this is a statute (section 6489), setting forth the necessary allegations to be alleged in an affidavit for attachment in a justice court. In the present case, we are not proceeding under this section.” He then states that the proceeding is under section 6680-1, already quoted, and that section 5430, Revised Statutes, determines who may have exemptions and what the same may be.
It is true, that the exemption claimed in this case, is not expressly authorized by the latter section, nor by section 5483, providing for proceedings in:aid of ■ execution, before a probate judge or judge ;of the! *338 court of common pleas. It is also true that an affidavit for attachment in an action pending in the court of common pleas need not contain the statement required in similar proceeding before a justice of the peace. But such facts do not explain why it is essential in the proceeding in aid of execution before a justice, to allege in the affidavit, that the money due the judgment debtor “is not exempt from execution or attachment;” or why the affidavit for attachment before a justice must state that the debtor “has not in good faith the maintenance and support of a widowed mother, wholly dependent upon him for support.”
If the defendant in attachment before a justice of the peace makes it appear that the allegation referred to is untrue, and to the contrary he has in good faith the maintenance and support of a widowed mother wholly dependent upon him for support; and that the fund attached are his personal earnings within three months, and less than $150 in amount, what should the justice do in the premises ? Discharge the attachment for want of a subject upon which to legally operate.
In the case at bar, the affidavit contains what is expressly required, to-wit: That the money sought to be applied is not exempt from execution or attachment. If it turn out at the hearing that the money is exempt from execution or attachment, on the ground permitted by the statute, the proceeding fails because what the judgment creditor is seeking has not been found.
Why the legislature has failed to incorporate this clause of section 6489, into sections 5430 and 5483, Revised Statutes, we are not able to determine. Nor *339 can we explain why a similar clause is not found in section 5521, Eevised Statutes, as necessary in an affidavit for attachment in the court of common pleas, unless from the usual character and extent of personal earnings, the remedy to subject them is placed as more convenient, within the jurisdiction of a justice of the peace. At all events, unless we treat the language quoted from section 6489, and from section 6680-1, supra, as pure surplusage, it is our duty to give it its natural effect, as was done by the circuit court in this case.
However, it is said by counsel for plaintiff in error that this court has decided the point at issue in Riley v. Hitzler, 49 Ohio St., 651, of which the following is the syllabus:
“A debtor residing with his widowed mother and invalid brother who are supported by him, is not thereby entitled, under either section 5430 or section 5483, of the Eevised Statutes, as the head of a family, to hold exempt from execution or attachment his personal earnings for three months.”
That case was decided by this court November 22, 1892, and tracing its origin with the best means at our command, we find that it was pending in this court as far back as October 7, 1890, when the records show it was dismissed for want of preparation, but on motion was reinstated on the docket by consent, January 13, 1891. Therefore the case was commenced long prior to the amendment of section 6489, Eevised Statutes, which was passed April 3, 1891. See 88 O. L., 277. By this amendment, the words “and has not in good faith, the maintenance and support of a widowed mother wholly dependent upon him for support” were added, and they have *340 ever since formed a part of the section. Therefore this court was not considering the question we have . here, because the amendment conld hot' be' applied to the. pending action commenced long prior to its. adoption.
This is -shown further by the statement of the facts, in that case. There, the motion to dismiss the attachment was based on the claim that the defendant was the head of a family, and not the owner of' a homestead, and that the property sought to be attached were the personal earnings of defendant within three months last priot to the beginning of the action, which did not exceed the sum Of $150, and that they.were necessary for the support ,of himself, and family. There was no evidence that Eiley was then the head or support of a family, except, that he resided with his widowed mother and invalid.brother who were solely dependent upon him for support. The attachment was not discharged, and on error, the court of common pleas, the circuit court- and this court approved the decision of the justice. The point to be determined was whether Eiley was the head of a family, under the then provisions of sections 5430 and 5483, Eevised Statutes, and it was decided that he was not the. head Of a family, as contemplated by either of said sections.
For these several reasons, that case does not control us on the facts of this case, under -the existing legislation. .
It is our opinion that the circuit court reached a proper conclusion in this case, and its judgment is affirmed.

Judgment affirmed,*

Spear, O. J., Davis, Shauck, Crew and Summers, JJ., concur.